# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16-cr-10082-STA |
| | ) | |
| WILLIAM FARRELL RUSSELL, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL

Before the Court is Defendant William Farrell Russell's oral Motion for Judgment of Acquittal made at the conclusion of the proof during his trial. The Court took Russell's Rule 29 Motion under advisement. For the reasons set forth below, Defendant's Motion is **DENIED**.

## BACKGROUND

On August 15, 2016, a federal grand jury returned an indictment against Defendant charging him with one count of distributing child pornography in violation of 18 U.S.C. § 2252(a)(1) and one count of possessing child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). Defendant pleaded not guilty to both charges. The grand jury later superseded the indictment two times, once on August 22, 2019, and again on September 19, 2019. A jury trial commenced on September 14, 2020, and following three days of proof, the jury convicted Defendant of both charges. Sentencing is currently set for January 5, 2021.[1]

---

[1] On September 28, 2020, Defendant filed *pro se* a notice of appeal (ECF No. 203) and a motion for appointment of appellate counsel (ECF No. 204). The Court denied the motion for appointment of appellate counsel as moot, and the United States Court of Appeals for the Sixth

## STANDARD OF REVIEW

Defendant's Motion for a Judgment of Acquittal implicates Federal Rule of Criminal Procedure 29. "The test for denial of a judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure is the same as the test for reviewing a claim that the evidence is insufficient to support a conviction." *United States v. Pennyman*, 889 F.2d 104, 106 (6th Cir. 1989). In reviewing claims for sufficiency of the evidence to support a conviction, the Court should review the record in the light most favorable to the prosecution and grant relief only if it is found that upon the evidence adduced at trial, no rational trier of fact could have found proof of guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 324 (1979); *see also United States v. Acosta-Cazares*, 878 F.2d 945, 954–52 (6th Cir. 1989).

The Court may not make its own determinations with respect to the credibility of witnesses or the weight to be given such evidence. *United States v. Levy*, 904 F.2d 1026, 1032 (6th Cir. 1990). The jury, and not the Court, has the responsibility to "resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *United States v. Jones*, 825 F. App'x 335 (6th Cir. 2020) (quoting *Jackson*, 443 U.S. at 319). The government must receive the benefit of all inferences which can reasonably be drawn from the evidence. *Glasser v. United States*, 315 U.S. 60, 80 (1942). Under the Rule 29 standard, "circumstantial evidence alone is sufficient to sustain a conviction and such evidence need not remove every reasonable hypothesis except that of guilt." *United States v. Abner*, 35 F.3d 251, 253 (6th Cir. 1994); *United States v. Prieur*, 429 F.2d 1237, 1238 (6th Cir. 1970). The

---

Circuit dismissed Defendants appeal for lack of subject-matter jurisdiction on November 3, 2020. Defendant's Rule 29 Motion is therefore ripe for determination.

Sixth Circuit has stated that a defendant claiming "insufficiency of the evidence bears a very heavy burden." *United States v. Nixon*, 825 F. App'x 360 (6th Cir. 2020) (quoting *United States v. Abboud*, 438 F.3d 554, 589 (6th Cir. 2006)).

## ANALYSIS

Defendant has challenged the sufficiency of the government's proof against him on the charges of distributing child pornography and possessing child pornography.   The Court first considers the government's proof that Defendant possessed child pornography.  Title 18 U.S.C. § 2252(a)(4)(B) makes it a crime to knowingly possess a visual depiction if the production of the image involved the use of a minor engaging in sexually explicit conduct and the image depicts such conduct.   18 U.S.C. § 2252(a)(4)(B).   In order to prove the possession charge against Defendant, the government had the burden to prove the following elements beyond a reasonable doubt: (1) Defendant knowingly possessed one or more items containing a visual depiction; (2) the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct; (3) the visual depiction was of a minor engaging in sexually explicit conduct; (4) Defendant knew the visual depiction involved a minor engaging in sexually explicit conduct; and (5) the visual depiction was produced using material that had been mailed, shipped or transported in interstate commerce by any means including computer.  6th Cir. Pattern Jury Instr. 16.06.

The Court holds that there was more than sufficient evidence to prove each of these elements.  First and foremost, Defendant never seriously disputed that a cell phone in his home contained images depicting minors engaged in sexually explicit conduct and that he knew the images depicted minors engaged in sexually explicit conduct.  The jury saw a video recording of Defendant's custodial statement to investigators in which Defendant admitted that he had

knowingly possessed images of minors engaged in sexually explicit conduct. Defendant confessed in his statement that the cell phone contained the images and that he knew the images depicted minors engaged in sexually explicit conduct. Defendant also identified the cell phone containing the images and told the investigators where they could find the device inside his home. While it is true that Defendant suggested in his theory of the case that other people may have had access to the device, the jury was free to reject this theory. Defendant's recorded statement amounted to an admission of guilty, and an "admission of guilt is sufficient evidence to sustain the convictions" for possessing child pornography. *United States v. Johnson*, 775 F. App'x 794, 800 (6th Cir. 2019) (affirming the sufficiency of a defendant's incriminating statement to convict the defendant of possession child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B)); *see also United States v. Oufnac*, 449 F. App'x 472, 476 (6th Cir. 2011) (citing *United States v. Mellies,* 329 Fed.Appx. 592, 607 (6th Cir.2009)). Defendant's challenge to his conviction for possessing child pornography is without merit.

This just leaves the distribution charge. Title 18 U.S.C. § 2252(a)(1) makes it a crime to knowingly distribute a visual depiction if the production of the image involved the use of a minor engaging in sexually explicit conduct and the image depicts such conduct. 18 U.S.C. § 2252(a)(1). In order to prove the distribution charge against Defendant, the government had the burden to prove the following elements beyond a reasonable doubt: (1) Defendant knowingly distributed a visual depiction; (2) the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct; (3) the visual depiction was of a minor engaging in sexually explicit conduct; (4) the defendant knew that the visual depiction was of a minor engaging in sexually explicit conduct; and (5) the defendant distributed the visual depiction

using a means or facility of interstate commerce.  6th Cir. Pattern Jury Instr. 16.04.

The Court holds that there was sufficient evidence to find Defendant guilty beyond a reasonable doubt of distributing child pornography.  In the same recorded custodial statement, Defendant told investigators that he sent images to an individual in Arkansas and that he would cooperate with authorities to bring that individual to justice.  Unbeknownst to Defendant, the person with whom he had shared the child pornography was an undercover police officer.  Just as Defendant's incriminating statements about possession of child pornography sufficed to establish his guilt, his confession about distributing child pornography was enough to prove his guilt of that conduct.  And this was not the only proof the jury heard about Defendant's distribution of child pornography.  The jury also received evidence about online chats between the undercover agent and a person using a social media platform called Kik.  The undercover officer received images of minors engaged in sexually explicit conduct from a Kik user called "funfortaboo."  The anonymous "funfortaboo" sent the undercover officer child pornography and eventually messages with his phone number and his home address.  Police observed Defendant on the premises of the address "funfortaboo" had shared with the undercover officer.  Police obtained a search warrant for the address and found Defendant there when they executed the warrant at the property.  Viewing this proof in a light most favorable to the prosecution, there was sufficient evidence for the jury to find that Defendant was "funfortaboo" and had distributed child pornography to the undercover agent.  Based on the strength of this evidence, Defendant is not entitled to a judgment of acquittal.

## CONCLUSION

Because there was sufficient evidence to support Defendant's convictions for possession

and distribution of child pornography, Defendant's Motion for Judgment of Acquittal **DENIED**.

      **IT IS SO ORDERED.**

                                          **s/ S. Thomas Anderson**
                                          S. THOMAS ANDERSON
                                          CHIEF UNITED STATES DISTRICT JUDGE

                                          Date:  November 9, 2020.